Filed 12/28/22  P. v. Evans CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES EVANS, JR.,<br><br>    Defendant and Appellant. | B314863<br><br>(Los Angeles County<br>Super. Ct. No. BA371243) |

        APPEAL from an order of the Superior Court of Los Angeles County, Andrew G. Liu, Judge.  Affirmed.

        Grenville Pridham for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant James Evans, Jr. (defendant), appeals from the denial of his petition for vacatur of his murder conviction and for resentencing under Penal Code former section 1170.95, now section 1172.6.[1] Defendant contends he made a prima facie showing of eligibility for relief under that statute, which required the court to issue an order to show cause and hold an evidentiary hearing. We find no error and affirm the order.

## BACKGROUND

After a joint trial defendant and codefendant Chernoby Russell were convicted in 2012 of first degree murder (§ 187, subd. (a)), and willful, deliberate, and premeditated attempted murder (§§ 664/187). The jury found true firearm and gang allegations. Defendant was sentenced to a term of 75 years to life in prison. We affirmed the judgment on direct appeal in *People v. Russell* (Feb. 5, 2014, B243631) (nonpub. opn.).

In July 2019 defendant filed a petition pursuant to section 1172.6, alleging that the filing against him allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, and he was convicted at trial of murder under one of those theories. In

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no significant change in text. (Stats. 2022, ch. 58, § 10.) For the sake of simplicity, we will refer to the section by its new numbering only.

All further unattributed code sections are to the Penal Code unless otherwise stated.

Although section 1172.6 now extends resentencing relief to eligible persons convicted of attempted murder, defendant has not asked this court to consider his attempted murder conviction.

addition, the petition alleged that defendant was not the actual killer, did not aid and abet the actual killer with intent to kill, was not a major participant in the underlying felony or act with reckless indifference to human life during the commission of the felony, and that the victim was not a peace officer. Defendant requested appointment of counsel.

The trial court appointed counsel, the prosecution filed a response, and after defendant retained private counsel, the court heard argument from both sides. On July 14, 2021, the court issued an order denying the petition upon finding that defendant was convicted either as the perpetrator or aider and abettor of premeditated express malice murder or murder in the course of discharging a firearm from a motor vehicle with the intent to kill.

Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

Defendant contends that that he made a prima facie showing of eligibility for relief under section 1172.6, and thus the trial court erred in denying his petition without holding an evidentiary hearing.

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), amending the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) This provision "bars a conviction for first or second degree

3

murder under a natural and probable consequences theory." (*People v. Gentile* (2020) 10 Cal.5th 830, 846 (*Gentile*).)  The Legislature also added what is now section 1172.6, which provides a procedure for persons convicted of murder to seek retroactive relief if they could not be convicted under sections 188 and 189 as amended effective January 1, 2019.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  The Legislature later expanded the eligibility provisions to persons convicted of attempted murder "or other theory under which malice is imputed to a person based solely on that person's participation in a crime."  (§ 1172.6, subd. (a); Stats. 2021, ch. 551, § 2.)

In seeking relief, it is the petitioner's burden make a prima facie showing that he "'*could not* [presently] be convicted of first or second degree murder *because of* changes to Section 188 or 189'" made by Senate Bill 1437.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 954, italics added; see § 1172.6, subds. (a)(3) & (c).)  Senate Bill 1437 amended section 188, subdivision (a)(3) to require that a principal in a crime must be found to have acted with malice aforethought to be convicted of murder.  (See Stats. 2018, ch. 1015, § 2.)  Thus express malice murder and directly aiding and abetting a murder with intent to kill remain valid bases of liability for murder under the amendments to the murder laws.  (*Gentile, supra*, 10 Cal.5th at p. 848.)[2]  Under section 189, it remains the law that murder perpetrated by means of discharging a firearm from a motor vehicle is murder in the first degree if done with the intent to kill.  (§ 189, subd. (a).)

---

[2]     Directly aiding and abetting attempted murder also remains a valid theory for conviction.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

4

During the prima facie review, if the record of conviction contains facts refuting the allegations made in the petition as a matter of law, no prima facie showing can be made, and the petition is properly denied. (*Lewis, supra*, 11 Cal.5th at p. 971.) For example, where no jury instructions were given regarding felony murder or the natural and probable consequences doctrine, a petitioner is ineligible for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)[3]

Here, the trial court reviewed documents from the record of conviction that the court deemed relevant, "including but not limited to, the preliminary hearing transcript, the trial transcript, and the transcript from the sentencing hearing in this case." The court found that the jury was not instructed under a theory of natural and probable consequences; and the court concluded the record of conviction established that defendant was "convicted in this case under either a theory of willful, deliberate and premeditated murder, or a theory of felony murder for the crime of discharge of a firearm from a motor vehicle which requires an intent to kill on behalf of the perpetrator."[4]

---

[3]     In his opening brief statement of the case, defendant claims that at his trial the prosecutor argued both defendants either personally or as an aider and abettor committed the murder and attempted murder and did so willfully, deliberately and with premeditation, or they personally or as an aider and abettor committed the murder by means of the discharge of a firearm from a motor vehicle. Defendant admits the jury was instructed with the above theories and was not instructed as to the natural and probable consequences theory.

[4]     The trial court was mistaken regarding a felony-murder theory as there were no felony-murder instructions; nor was there an underlying felony other than murder and thus no

The jury instructions from the trial and the verdicts are included in the current record on appeal. Defendant's jury was not instructed with CALCRIM No. 403 or any other instruction regarding the natural and probable consequences doctrine. Nor was the jury given the felony-murder instructions, CALCRIM Nos. 540A (where defendant allegedly caused the death) or 540B (where a coparticipant allegedly caused the death). Rather, the instructions given included CALCRIM No. 520, which instructed that to find defendant guilty of murder the jury must find that he acted with express or implied malice, which the instruction defined, and added, "If you decide that the defendant committed murder, you must then decide whether it is murder of the first or second degree." This was followed by CALCRIM No. 521, which instructed that murder was of the first degree if it was willful, deliberate and premeditated or was committed by means of discharge of a firearm from a vehicle. CALCRIM No. 521 also instructed the jury that "willfully" in the phrase means with the intent to kill. Next CALCRIM No. 548 was given, which instructed the "defendants have been prosecuted for murder under two theories: (1) malice aforethought [defined in No. 520], and (2) murder by means of discharge of a firearm from a vehicle." In sum, the jury was instructed to first find defendant guilty or not guilty of murder and then, if guilty, to determine the degree of murder based on one of two theories, premeditation and deliberation or shooting from a motor vehicle with the intent to kill. The verdict form confirms that the jury did just that, by

---

requirement under the current murder laws to prove that defendant acted with reckless indifference to human life, as defendant suggests here. (See § 189, subd. (e).)

6

stating in relevant part: "We, the Jury . . . find [defendant] guilty of the crime of MURDER . . . ." Below that, the verdict states: "We further find the murder was of the First Degree."

We conclude that as no jury instructions were given at defendant's trial regarding felony murder or the natural and probable consequences theory and the jury found that defendant harbored a premeditated intent to kill, he is ineligible for relief under section 1172.6 as a matter of law. (See *Gentile, supra*, 10 Cal.5th at p. 848; *People v. Daniel, supra*, 57 Cal.App.5th at p. 677.)[5]

Although defendant has acknowledged the state of the record, he contends that he is eligible for resentencing because there was no evidence at trial that he was the actual killer or that he agreed to kill someone, and there was no finding that he was a major participant in the underlying felony who acted with reckless indifference to human life. Defendant suggests that there was no evidence that he harbored actual malice and that malice was imputed to him solely because he participated in the shooting. He argues he thus made a prima facie showing that he was eligible for relief. (See § 1172.6, subd. (a).)

Both defendant and the People quote from the appellate opinion *People v. Russell*, *supra*, B243631.[6] As relevant here, the

---

[5]     Despite the trial court's comment that there was a felony-murder instruction, the court's ruling that defendant was ineligible for relief is correct and is thus affirmed. (See *People v. Smithey* (1999) 20 Cal.4th 936, 972 [ruling correct on the law is affirmed regardless of lower court's reasoning].)

[6]     Defendant has not filed a reply brief. His opening brief does not cite to the source of the summary of facts, but they

---

opinion notes that defendant was a passenger in a car with windows down, occupied by a driver and another passenger, when the car made a U-turn near a group of young people and pulled alongside them. Then, one or both the passengers opened fire at the group through a car window or windows, striking two of them, one fatally. There were thus two passengers in the car and defendant has admitted that he was one of them. The jury was instructed with CALCRIM No. 401 that to be guilty as an aider and abettor, the defendant must have known and shared the actual perpetrator's intent in committing the crime. Thus, in finding the crime intended by the actual perpetrator was first degree murder, the jury found that the crime was either committed with express malice murder or it was murder perpetrated by means of shooting from a moving vehicle with the intent to kill; and whether defendant was the actual shooter or the shooter's aider and abettor, he harbored an intent to kill.

In essence, defendant's claim is that the trial evidence was insufficient to convict him of first degree murder. "'The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved'"; thus, defendant may not relitigate the sufficiency of the evidence to support a guilty verdict in the prima facie stage of a section 1172.6 proceeding. (*People v. Farfan, supra*, 71 Cal.App.5th at p. 947.) We thus do not consider defendant's claim that substantial evidence does not support his conviction.

---

appear to come from the appellate opinion in *People v. Russell, supra*, B243631.

8

## DISPOSITION

The order of the superior court denying defendant's petition for vacatur and resentencing is affirmed.

                                        _____

                                        CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

BENKE, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.